UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

FOREST HARDY (#530046)                                          CIVIL ACTION

VERSUS

MAJOR MOORE, ET AL.                                              NO. 14-0461-BAJ-RLB

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on August 13, 2014.

RICHARD L. BOURGEOIS, JR.
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

**FOREST HARDY (#530046)**                                           **CIVIL ACTION**

**VERSUS**

**MAJOR MOORE, ET AL.**                                              **NO. 14-0461-BAJ-RLB**

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

On or about May 8, 2014, the *pro se* plaintiff, Forest Hardy, together with three (3) co-inmate plaintiffs, all inmates confined at Dixon Correctional Institute ("DCI"), Jackson, Louisiana, filed a Complaint pursuant to 42 U.S.C. § 1983, complaining that their constitutional rights were allegedly violated at DCI on January 24, 2013, when they were served breakfast trays consisting of pancakes covered in rancid syrup. The plaintiffs alleged that, when they complained, prison officials responded by calling for alternative breakfast trays to be brought from the prison kitchen. Notwithstanding, the inmates again complained, this time that the alternative breakfasts, consisting of oatmeal, were not provided with sugar to make the oatmeal more palatable. According to the plaintiffs, prison officials responded by ordering that the inmates "put the trays out of the cells," resulting in the plaintiff and the co-inmates not being provided with breakfast on the referenced date.[1]

By correspondence dated May 20, 2014, the Clerk of Court instructed the plaintiff that he must, within twenty-one (21) days, re-submit his Complaint in proper form (providing his signature thereon) and either pay the Court's filing fee or, within such time, submit a properly

---

1. The Court has subsequently entered an Order severing the claims of the four (4) co-inmate plaintiffs. *See* Rec. Doc. 11.

completed application to proceed *in forma pauperis* herein, together with a properly completed Statement of Account, certifying to the average six-month deposits and balance in his inmate account(s). *See* Rec. Doc. 5. Copies of the appropriate forms were provided to the plaintiff as attachments to the Court's correspondence. *See id.* The plaintiff was specifically notified that "failure to amend the pleadings and/or provide the requested forms or information as indicated will result in the dismissal of your suit by the Court without further notice." *Id.*

A review of the record now reflects that the plaintiff has failed to comply with the Court's directives. Instead, the referenced correspondence, which was forwarded to the plaintiff at the address that he provided as his record address, has been returned to the Court as undeliverable, apparently because the plaintiff is no longer confined at DCI. *See* Rec. Doc. 6 (reflecting a notation on the returned envelope that the plaintiff is "not here" at DCI).

Pursuant to Local Rule 41.2 of this Court, the failure of a *pro se* litigant to keep the Court apprised of a change of address may constitute cause for dismissal for failure to prosecute when a notice has been returned to a party or the Court for the reason of an incorrect address, and no correction has been made to the address for a period of thirty (30) days. As a practical matter, the case cannot proceed without an address where the plaintiff may be reached and where he may receive pertinent pleadings, notices or rulings. Accordingly, the Court concludes that the above-captioned proceeding should be dismissed, without prejudice, for failure of the plaintiff to prosecute this proceeding by failing to keep the Court apprised of a current address.

## RECOMMENDATION

It is recommended that the above-captioned proceeding be dismissed, without prejudice, for failure to prosecute. It is further recommended, in accordance with Local Rule 41.2 of this Court, that the Order of Dismissal advise the plaintiff that, on motion filed within thirty (30)

days and upon a showing of good cause, the Court may consider reinstatement of this action on the Court's Docket.

Signed in Baton Rouge, Louisiana, on August 13, 2014.

**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**